J-S72007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CRAIG D. MURPHY, | |
| Appellant | No. 113 WDA 2014 |

Appeal from the Order Entered November 25, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-MD-0005804-2013

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 22, 2014**

Appellant, Craig D. Murphy, appeals from the order denying his Application for Relief from Disabilities Pursuant to 18 Pa.C.S. § 6105(d) (hereinafter "Restoration Petition").  Appellant argues that he was entitled to relief under Section 6105(d), and that the denial of his Restoration Petition violated state and federal law and infringed upon several of his state and federal constitutional rights.  After careful review, we affirm.

Appellant filed his Restoration Petition on November 6, 2013, and the trial court promptly held a hearing to consider it on November 25, 2013. Following that hearing, Appellant's Restoration Petition was denied. Appellant filed a timely notice of appeal on December 24, 2013.  The trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

court appointed counsel to represent Appellant for his appeal, however, Appellant's subsequent request to proceed *pro se* on appeal was granted on June 9, 2014. Appellant then filed a timely Pa.R.A.P. 1925(b) statement on July 9, 2014. The trial court issued its Rule 1925(a) opinion on July 18, 2014.

Appellant now presents the following questions for our review:

I.     Whether the lower court erred in denying the Appellant's Application for Relief from Disabilit[i]es [p]ursuant to 18 Pa.C.S. § 6105(d)[,] where … Appellant's right to appeal any underlying convictions has expired pursuant to 18 Pa.C.S. § 6105(d)(1)?

II.     Whether the lower court order violated the Appellant's second (2nd), Tenth [(10th),] and Fourteenth (14th) amendment [r]ights (equal protection and due process rights) of the U.S. Constitution …, and the Civil Rights Restoration Act § 42 U.S.C. § 2000d-4a(1)(A)(B), and Article 1 § 21 of the Pennsylvania Constitution without a compelling government interest?

III.     Whether the Appellant has state or federal firearm[]s restriction[s] or disabilities flowing from prior Pennsylvania State convictions if applicable being that the Appellant's convicting jurisdiction is the Commonwealth of Pennsylvania pursuant to 18 U.S.C. § 921(a)(20)(A)(B) and such convictions if any were expunged and were not punishable by a term exceeding one year?

[IV]. Whether the lower court had the authority and ability to restore … Appellant's civil rights to firearms as this Commonwealth is … Appellant's convicting jurisdiction and … Appellant has not been convicted of any federal offenses and … Appellant's core civil rights though irrelevant were substantially restored?

[V].   Whether the Appellant's prior convictions if any are per se violations pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices pursuant to state or federal law and are *pari materia* to criminal violations of Pennsylvania State Law?

- 2 -

Appellant's Brief at 10-11.

Appellant's claims are confusingly stated; however, after reviewing Appellant's entire brief, it is apparent that the questions presented for our review are aptly distilled as follows:

> 1) Did the trial court err when it determined that Appellant was not eligible for relief under 18 Pa.C.S. § 6105(d)?
>
> 2) Has Appellant been denied his rights under the 2nd, 10th, and 14th amendments to the United States Constitution, Article 1 § 21 of the Pennsylvania Constitution, state and federal law, including the Civil Rights Restoration Act, because no other avenue exists for Appellant to seek restoration of his right to possess a firearm?

We begin by addressing the first of the restated claims, wherein Appellant challenges the trial court's denial of his Restoration Petition under Section 6105(d). On May 2, 2005, Appellant pled guilty to, *inter alia*, tampering with records or identification, 18 Pa.C.S. § 4104, and theft of immovable property, 18 Pa.C.S. § 3921(b), both graded as first degree misdemeanors. Pennsylvania law provides that "[a] crime is a misdemeanor of the first degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than five years." 18 Pa.C.S. § 106(b)(6).

Although Pennsylvania law does not impose any firearms restriction for these convictions, federal law does:

> (g) It shall be unlawful for any person--
>
> > (1) who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year;

…

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g). Thus, because Appellant's record tampering and theft convictions were crimes "punishable by imprisonment for a term exceeding one year," he was subjected to the firearms disability imposed by 18 U.S.C. § 922(g).

Although 18 U.S.C. § 925(c) provides a means to remove the disability imposed by 18 U.S.C. § 922(g), there is apparently no practical way to seek relief under Section 925(c) at this time due to budget constraints imposed upon the Bureau of Alcohol, Tobacco, Firearms and Explosives division of the Department of Justice.[1] Consequently, Appellant attempted to seek relief in

_____

[1] Federal law provides that:

(c) A person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, transportation, or possession of firearms, and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest. Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial. The court may in its discretion admit additional evidence where failure to do so would result in a miscarriage of justice. A licensed

*(Footnote Continued Next Page)*

state court under 18 Pa.C.S. § 6105(d). Section 6105(d) provides as follows:

> **(d) Exemption.--**A person who has been convicted of a crime specified in subsection (a) or (b) or a person whose conduct meets the criteria in subsection (c)(1), (2), (5), (7) or (9) may make application to the court of common pleas of the county where the principal residence of the applicant is situated for

*(Footnote Continued)* ────────────

> importer, licensed manufacturer, licensed dealer, or licensed collector conducting operations under this chapter, who makes application for relief from the disabilities incurred under this chapter, shall not be barred by such disability from further operations under his license pending final action on an application for relief filed pursuant to this section. Whenever the Attorney General grants relief to any person pursuant to this section he shall promptly publish in the Federal Register notice of such action, together with the reasons therefor.

18 U.S.C. § 925(c). However, the United States Justice Department provides the following response to those seeking restoration of federally imposed firearms disabilities:

> Under the provisions of the Gun Control Act of 1968 (GCA), convicted felons and certain other persons are prohibited from possessing or receiving firearms. The GCA provides the Attorney General with the authority to grant relief from this disability where the Attorney General determines that the person is not likely to act in a manner dangerous to the public safety and granting relief would not be contrary to the public interest. The Attorney General delegated this authority to ATF.

> Since October 1992, however, ATF's annual appropriation has prohibited the expending of any funds to investigate or act upon applications for relief from Federal firearms disabilities submitted by individuals. As long as this provision is included in current ATF appropriations, the Bureau cannot act upon applications for relief from Federal firearms disabilities submitted by individuals.

http://www.atf.gov/firearms/faq/general.html#firearms-relief.

relief from the disability imposed by this section upon the possession, transfer or control of a firearm. The court shall grant such relief if it determines that any of the following apply:

(1) The conviction has been vacated under circumstances where all appeals have been exhausted or where the right to appeal has expired.

(2) The conviction has been the subject of a full pardon by the Governor.

(3) Each of the following conditions is met:

(i) The Secretary of the Treasury of the United States has relieved the applicant of an applicable disability imposed by Federal law upon the possession, ownership or control of a firearm as a result of the applicant's prior conviction, except that the court may waive this condition if the court determines that the Congress of the United States has not appropriated sufficient funds to enable the Secretary of the Treasury to grant relief to applicants eligible for the relief.

(ii) A period of ten years, not including any time spent in incarceration, has elapsed since the most recent conviction of the applicant of a crime enumerated in subsection (b), a felony violation of The Controlled Substance, Drug, Device and Cosmetic Act or the offense which resulted in the prohibition under 18 U.S.C. § 922(g)(9).

18 Pa.C.S. § 6105(d).

The trial court determined that Appellant was not eligible to apply for relief under Section 6105(d). To be eligible to relief under Section 6105(d), one must have been "convicted of a crime specified in subsection (a) or (b)[,]" and/or "meet[] the criteria in subsection (c)(1), (2), (5), (7) or (9)[.]" *Id.* Section 6105(b) provides a list of enumerated crimes, none of

which are crimes that triggered Appellant's federal firearms disability.[2] Section 6105(a) specifies that the firearms disability imposed by Section 6105(a) also applies to additional persons listed in Section 6105(c). None of the provisions of Section 6105(c) apply to Appellant or the offenses which triggered his federally imposed firearms disability. Accordingly, we agree with the trial court that Appellant is not in the class of persons who may seek relief under Section 6105(d).

Appellant argues that he is entitled to relief under Section 6105(d) because his right to appeal his disabling convictions has expired. He reaches this conclusion by reading certain parts of Section 6105(d) without reference to any other parts of that provision, and by misconstruing an awkwardly worded phrase therein. Appellant focuses his argument on this snapshot of Section 6105(d):

> The court shall grant such relief if it determines that any of the following apply:
>
>> (1) The conviction has been vacated under circumstances where all appeals have been exhausted or where the right to appeal has expired.

18 Pa.C.S. § 6105(d).

In doing so, Appellant ignores the preceding language, which defines the class of individuals who may seek relief from firearms disabilities under

_____

[2] Although 18 Pa.C.S. § 3921 appears in 18 Pa.C.S. § 6105(b), only a "second felony offense" under that provision is considered an enumerated offense that triggers the firearms ban contained in Section 6105(a)(1).

Section 6105(d). As noted above, Appellant does not fall within that class, and is therefore not eligible for relief under Section 6105(d). Furthermore, Appellant misconstrues Section 6105(d)(1) when he claims that the trial court shall grant relief when the right to appeal from the disabling convictions has expired. Section 6105(d)(1) does not provide such broad relief. Instead, it provides relief when "[t]he conviction has been vacated[,]" but not until "all appeals have been exhausted or where the right to appeal has expired." Thus, the prevailing party in the order vacating the disabling conviction may not seek restoration under Section 6105(d) until the Commonwealth has had the opportunity to appeal the vacating order. Appellant's alternative interpretation of the statute is absurd, providing identical relief where 1) a conviction has been vacated and the appeals from the vacating order have been exhausted; and 2) where the conviction has not been vacated and no appeal is taken. The clear intent of Section 6105(d) is to provide relief when a disabling offense has been vacated. We conclude, therefore, that the trial court did not err when it denied Appellant's Restoration Petition.

Appellant's remaining claims, collectively restated above, assert the violation of multiple state and federal constitutional rights, as well as state and federal law, as a result of the trial court's denial of his Restoration Petition. Our review of Appellant's initial petition, and the hearing conducted on November 25, 2013, reveals that Appellant did not raise any of these claims in the trial court. *See* Restoration Petition, 11/16/13, ¶¶ 1-4; *and*

*see* N.T., 11/25/13, 2-7. Instead, Appellant raised these claims for the first time in his Rule 1925(b) statement. *See* Appellant's Rule 1925(b) statement, 7/9/14, at 2 (unnumbered). Accordingly, these claims have been waived. *See* Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[3]

Order *affirmed*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2014

_____

[3] We, like Appellant, are troubled that the federal government has defunded the only available remedy for relief from firearms disabilities imposed pursuant to 18 U.S.C. § 922(g). However, Appellant's right to possess a firearm has not been curtailed by 18 Pa.C.S. § 6105 and, thus, it is not at all surprising, nor does it trouble us, that Section 6105 does not provide a remedy for this injustice.